Case 4:20-cv-03470   Document 263   Filed on 06/11/25 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas

**ENTERED**
June 11, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRIDENT BEVERAGE, INC., *et al.*, § | |
|   Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:20-CV-03470 |
| § | |
| SMART BEVERAGE, INC., § | |
|   Defendant. § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court are Counterclaim Defendants Ronnoco Coffee, LLC, Trident Marketing, Inc., and Trident Beverage, Inc.'s Renewed Motion for Judgment as a Matter of Law and Motion to Alter or Amend Judgment (Dkt. 241) and Defendant / Counterclaim Plaintiff Smart Beverage, Inc.'s Motion for Attorney's Fees (Dkt. 260). After careful consideration of the motions, the responses, the reply, the record, and the applicable law, the Court **GRANTS IN PART** Counterclaim Defendants' motion (Dkt. 241) and **DENIES** Defendant / Counterclaim Plaintiff's motion (Dkt. 260).

### I.  FACTUAL BACKGROUND

A trial was held in this Court before a jury on various claims between Ronnoco Coffee, LLC, Trident Marketing, Inc., Trident Beverage, Inc., and Smart Beverage, Inc. (Dkt. 239). The jury found that Ronnoco Coffee, LLC, Trident Marketing, Inc., and Trident Beverage, Inc. (collectively, "Counterclaim Defendants") each violated the Missouri Uniform Trade Secrets Act by misappropriating a trade secret of Smart Beverage, Inc. ("Smart Beverage"). (Dkt. 230 at p. 37). The jury found the same under the Defend Trade

Secrets Act ("DTSA"). (*Id*. at p. 44). Additionally, while the jury found that Smart Beverage did not suffer any actual damages or unjust enrichment, it awarded Smart Beverage $25,000 in punitive damages from each Counterclaim Defendant. (*Id*. at ps. 41, 47, 49). In accordance with the jury's verdict, the Court rendered judgment for Smart Beverage in the amount of $75,000. (Dkt. 239).

Counterclaim Defendants have filed a Renewed Motion for Judgment as a Matter of Law and Motion to Alter or Amend Judgment. (Dkt. 241). Counterclaim Defendants argue that "the jury's findings of liability are inconsistent with the law in that the only alleged 'trade secret' in evidence belonging to [Smart Beverage] … [does] not qualify as a trade secret under the law." (*Id*. at p. 2). They further argue that punitive damages were inappropriate under the DTSA because "there must be finding of actual damages before punitive damages may be awarded." *Id*. Smart Beverage argues in opposition that the Court must give deference to the jury's findings on both issues. *See* (Dkt. 242).

In addition, Smart Beverage has filed a Motion for Attorneys' Fees. (Dkt. 260). Counterclaim Defendants argue both that Smart Beverage's motion is untimely[1] and that, because Smart Beverage may not receive an award of punitive damages, it cannot collect fees. *See* (Dkt. 261).

---

[1] The Court decides this issue on other grounds and does not reach Counterclaim Defendants' argument of untimeliness.

## II.    LEGAL STANDARDS

### A.    Federal Rule of Civil Procedure 50

A motion for judgment as a matter of law challenges "the legal sufficiency of the evidence supporting a jury's verdict." *Ford v. Cimarron Ins. Co.*, 230 F.3d 828, 830 (5th Cir. 2000) (quoting *Jones v. Kerrville State Hosp.*, 142 F.3d 263, 265 (5th Cir. 1998)). A movant may file a renewed motion for judgment as a matter of law if the original motion was brought during a jury trial, as was done here by Counterclaim Defendants. FED. R. CIV. P. § 50(b); *see* (Dkt. 222) ("Counterclaim Defendant Ronnoco Coffee, LLCs Motion for Judgment as a Matter of Law is denied with respect as to everything except the RICO claim, as stated on the record."). "The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment." FED. R. CIV. P. § 50(a)(2).

### B.    Federal Rule of Civil Procedure 59(e)

Rule 59(e) states, in its entirety, that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). As such, "[t]he text of Rule 59(e) does not specify the available grounds for obtaining such relief." *Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 396 (5th Cir. 2021). Still, the Fifth Circuit has explained that Rule 59(e) motions "are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence"—not for raising arguments "which could, and should, have been made before the judgment issued." *Faciane v. Sun Life Assurance Co. of Canada*, 931 F.3d 412, 423 (5th Cir. 2019) (quotation omitted).

C.     **Attorney's Fees Under the Defend Trade Secrets Act**

The DTSA states that the Court may "award reasonable attorney's fees to the prevailing party" if:

> "a claim of the misappropriation is made in bad faith, which may be established by circumstantial evidence, a motion to terminate an injunction is made or opposed in bad faith, or the trade secret was willfully and maliciously misappropriated."

18 U.S.C.S. § 1836(b)(3)(D). "To be eligible, the party seeking fees (1) must prevail and (2) it must do so in one of the three listed scenarios that also require a showing of bad faith or malice." *Dunster Live, LLC v. Lonestar Logos Mgmt. Co., LLC*, 908 F.3d 948, 952 (5th Cir. 2018). The DTSA "makes prevailing a necessary but not sufficient requirement for fees." *Id*.

## III.     ANALYSIS

The Court finds that Counterclaim Defendants' Rule 50 motion must be denied, Counterclaim Defendants' Rule 59(e) motion must be granted, and Smart Beverage's motion for attorney's fees must be denied.

A.     **Renewed Motion for Judgment as a Matter of Law**

The Court holds it must deny Counterclaim Defendants' Renewed Motion for Judgment as a Matter of Law under Rule 50 because a reasonable juror could find that the information at issue was a trade secret. Counterclaim Defendants move under Rule 50 to overturn the jury's findings of liability on Count II of the Counterclaim, alleging violation of the Missouri Uniform Trade Secrets Act, and Count III of the Counterclaim, alleging violation of the DTSA. (Dkt. 241 at p. 1).

A court should only grant a motion for judgment as a matter of law if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party" on the raised issue. FED. R. CIV. P. § 50(a)(1). "It goes without saying that the evidence must be viewed in the light most favorable to the nonmovant." *Montano v. Orange County, Texas*, 842 F.3d 865, 873-74 (5th Cir. 2016). It is not within the province of the trial court to weigh the evidence or the credibility of the witnesses. *Id*. at 874. A trial court should grant judgment "only if the evidence points so strongly and so overwhelmingly in favor of the nonmoving party that no reasonable juror could return a contrary verdict." *Foradori v. Harris*, 523 F.3d 477, 485 (5th Cir. 2008).

The Court finds that Counterclaim Defendants have failed to demonstrate that no reasonable juror could return a contrary verdict on the issue of whether the information at issue is a trade secret. Taking the evidence in the light most favorable to Smart Beverage, the Court is unpersuaded that the record weighs overwhelmingly in favor of Counterclaim Defendants. The evidence presented in Counterclaim Defendants' motion does not support such an extreme remedy as overturning the jury's findings on these issues. Accordingly, the Court denies Counterclaim Defendants' motion under Rule 50.

**B.     Motion for Alteration or Amendment of Judgment**

The Court finds that Counterclaim Defendants' Motion for Alteration or Amendment of Judgment under Rule 59(e) must be granted because the jury's award of punitive damages is invalid. Motions to alter or amend judgments under Rule 59(e) are appropriate: (1) when there has been an intervening change in controlling law; (2) when

the movant presents newly discovered evidence not previously available; or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

The Court finds that the jury's award of punitive damages was a manifest error of law because the jury did not award compensatory damages. Under the DTSA, the Court may award "exemplary damages in an amount **not more than 2 times** the amount of the [compensatory] damages awarded." 18 U.S.C.S. § 1836(b)(3)(C) (emphasis added). The jury awarded Smart Beverage $0 in damages for actual loss or unjust enrichment. (Dkt. 230 at p. 41). As such, the $75,000 award of punitive damages is impermissible because it is more than double the compensatory damages. Accordingly, this award is a manifest error of law, and Counterclaim Defendants' Motion to Alter or Amend the Judgment must be granted.

### C.     Motion for Attorney's Fees

The Court finds that Smart Beverage's motion for attorney's fees under the DTSA must be denied because Smart Beverage does not qualify as a prevailing party. Smart Beverage argues that the Court should award Smart Beverage attorney's fees because the jury determined that Counterclaim Defendants conduct was willful and malicious, as evidenced by the jury's finding of punitive damages. (Dkt. 260 at p. 3). However, the DTSA "makes prevailing a necessary … requirement for fees." *Dunster Live*, 908 F.3d at 952. After the Court's above determination on Counterclaim Defendants' motion, the

jury's award of punitive damages is revoked. As such, Smart Beverage is not entitled to any relief under the DTSA.

The DTSA provides the Court the discretion to award attorney's fees to prevailing parties. 18 U.S.C.S. § 1836(b)(3)(D). The DTSA does not define what it means to be "the prevailing party." "'[P]revailing party' status in a federal statute is a question of federal law." *Dunster Live*, 908 F.3d at 952-53. "And when Congress repeats a term of art like 'prevailing party' in a new statute like the [DTSA], it 'knows and adopts the cluster of ideas that were attached to each borrowed word in the body of learning from which it was taken and the meaning its use will convey to the judicial mind unless otherwise instructed.'" *Id*. (quoting *Morissette v. United States*, 342 U.S. 246, 263 (1952)).

As understood in other federal statutes, "[t]o qualify as a prevailing party, a [] plaintiff must obtain at least some relief on the merits of his claim." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). A party prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Lefemine v. Wideman*, 568 U.S. 1, 4 (2012) (quoting *Farrar*, 506 U.S. at 111-12). At bottom, "[n]o material alteration of the legal relationship between the parties occurs until the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant." *Farrar*, 506 U.S. at 113.

Here, though Smart Beverage has received a favorable finding on liability, it has no judgment to enforce. Smart Beverage has not obtained actual relief on the merits of its claims, and, as such, its legal relationship with Counterclaim Defendants has not been

altered by the jury's verdict. Accordingly, Smart Beverage does not qualify as a prevailing party for purposes of a fee award, and it is not entitled to attorney's fees under the DTSA. The Court declines to use its discretion to award Smart Beverage attorney's fees and denies the motion.

## IV.     CONCLUSION

The Court **DENIES** Counterclaim Defendants' motion under Rule 50 (Dkt. 241) and preserves the jury's findings. The Court **GRANTS** Counterclaim Defendants' motion under Rule 59(e) (Dkt. 241). The Court **ORDERS** that the punitive damages award be altered to $0. Finally, the Court **DENIES** Smart Beverage's motion for attorney's fees (Dkt. 260).

SIGNED at Houston, Texas on June 11, 2025.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE